UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY D. JONES,<br><br>      Plaintiff;<br><br>-against-<br><br>ANDREW M. CUOMO, in his official capacity as the Governor of the State of New York, and, HOWARD ZUCKER, M.D., in his official capacity as the Commissioner of the Department of Health of New York.<br><br>      Defendant. | Index No. 20-cv-2848<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

  Plaintiff, Jeffrey D. Jones ("Plaintiff"), as for his Complaint against Defendant, Andrew M. Cuomo, in his official capacity as the Governor of the State of New York ("Defendant"), hereby alleges as follows:

### PARTIES

  1. Mr. Jeffrey D. Jones ("**Plaintiff**" or "**Jones**") is an American-born United States citizen.

  2. Plaintiff resides with his partner in Tulsa, Oklahoma.

  3. Plaintiff is a duly licensed member of the New York State Bar, and has always been in good standing since his admission (First Judicial Department) in or around April 2010.

  4. Acting as an attorney, Plaintiff regularly represents wrongfully terminated and harassed employees. Such representation includes, but is not limited to: private settlement negotiations, formal court proceedings in federal court, and attendant depositions and court-mandated mediations.

1

5. Defendant Andrew M. Cuomo ("**Defendant**" or "**Governor Cuomo**") is and was the Governor of the State of New York, and is and was acting under color of State law and in his official capacity, at all times relevant to the allegations herein.

6. Defendant Howard Zucker, M.D., J.D., ("**Defendant**" or "**Commissioner Zucker**") (collectively with Governor Cuomo, "**Defendants**")

7. Upon information and belief, Defendants' principal place of business is located at the State Capitol Building, Albany, New York 12224.

## JURISDICTION AND VENUE

8. Jurisdiction is founded upon 28 U.S.C. § 1331.

9. This Court has jurisdiction because the Court has subject matter jurisdiction over the claims asserted by Plaintiff Jones as this action involves claims founded upon Article I of the United States Constitution, and the Fifth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution.

10. In addition, this Court has jurisdiction as this action seeks to prevent Governor Cuomo (a state official) from interfering, frustrating, and otherwise violating federal rights secured by the United States Constitution.

11. Jurisdiction is also founded upon 28 U.S.C. § 1343(a)(3) and (4) because Plaintiff seeks to redress deprivations under color of state law, statute, Executive Order, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the federal United States Constitution.

12. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2), in that a substantial part—or all—of the events or omissions giving rise to the claims in this Complaint occurred or will occur in Manhattan.

13. There is a present and real, actual controversy between the parties.

## **STATEMENT OF FACTS COMMON TO ALL CLAIMS**

14. In November 1983, Plaintiff was born a free man and the federal Constitution enshrined in him the right to travel among the various states of his nation—The United States of America.

15. On June 24, 2020, Defendant signed Executive Order 205 ("**EO205**"), which went into effect on June 25, 2020 and shall remain in effect, "until rescinded by the Commissioner [of the Department of Health]."

16. EO205 stated, in relevant part: "[a]ll travelers entering New York from a state with a positive test rate higher than 10 per 100,000 residents, or higher than a 10% test positivity rate, over a seven-day rolling average, will be required to quarantine for a period of 14 days consistent with Department of Health regulations for quarantine."

17. At the time of its promulgation, approximately ten (10) states within the nation fell within its purview.

18. Perhaps showing the absurdity of this scheme, within hours the Commissioner determined, in substantial form: oops, we got some bad data from Washington state, Washington state is no longer on the 'dirty' list.

19. EO205 further states, in relevant part: "[a]ny violation of a quarantine or isolation order…may be enforced…and non-compliance may additionally be deemed a violation…subject to a civil penalty of up to $10,000.00."

20. EO205 does not define the phrase "entering New York from a state…" and, *inter alia*, is critically void for vagueness.

21. For example, as of this filing Oklahoma is a 'clean' state, and Texas is a 'dirty' state. If a resident of Oklahoma flies through DFW airport in Texas, is that person entering from Oklahoma, from Texas, or from both states?

22. EO205 does not specify if airport terminals are permissible areas to prevent a traveler from Oklahoma, connecting at DFW in Texas for a LaGuardia-bound flight, to render them as untainted by 'dirty' Texas.

23. EO205 does not specify if leaving the terminal for a cigarette break, or going two miles from the airport to pick-up lunch during a long-layover, are permissible or impermissible actions that would render a person as "entering" New York from a 'dirty' State.

24. EO205 does not specify if traveling for hours in an enclosed cabin next to travelers from 'dirty' states renders everyone onboard as "entering" New York from a 'dirty' State.  Does one 'bad' apple ruin the bunch?

25. EO205 does not specify if traveling into New York by car is permissible only via roads not located in 'dirty' states, or if a person is permitted to drive thru a 'dirty' state, without consequence of the executive order.  Must a driver keep their windows rolled-up, and their A/C on recirculation, so as to avoid becoming contaminated by the 'dirty' State's air?  If windows can be rolled-down, what about touching gas pumps, eating inside a roadside diner, sleeping overnight in a motel, or stopping off to visit friends for a long-weekend in the 'dirty' state and on the way to New York?

26. EO205 does not define at what point a person is "entering" from a 'clean' state, and at what point a person is now "entering" from a 'dirty' state.

27. EO205 is also fatally flawed in that it is not the least restrictive means to accomplish the government's compelling interest in maintaining and protecting public health.

28. Impingement on fundamental rights, especially under emergency powers not subject to ordinary debate and comment, requires that a government act in the least restrictive manner.

29. EO205 is not the least restrictive manner to accomplish New York's compelling interest because it is fatally over and under broad.

30. For example, EO205 is overbroad because it would prohibit a conscientious model citizen from a 'dirty' state ("**Dirty Jane**"), who only goes out for groceries and medicine, always

wears a face mask, and bleaches her entire house everyday.  Conversely, it would permit a citizen from a 'clean' state ("**Clean Jane**") who flouts distancing orders, regularly congregates in crowded bars and nightclubs, and actively tries to contract SARS-COV-2 in an attempt to "get immunity" or "hurry up and get sick before all the ICU beds fill up."

31. No rational person would conclude that Clean Jane's behaviors are safer than Dirty Jane's behaviors.  But that is precisely the result EO205 would mandate.

32. Less restrictive means exist to accomplish New York's compelling state interest in protecting public health, including, but not limited to: making person's coming into the state wear a face mask, making passengers (air, car or rail) fill-out a survey, under penalty of perjury, about their behaviors and past exposures, and/or making all persons sign a pledge, under penalty of perjury, that he or she will socially distance and only go out for essential business.

33. Defendants chose to implement none of these lesser restrictive and more efficacious methods.  Instead, EO205 ham-fistedly denies United States citizens freedom of movement across state borders based on a 'clean' and 'dirty' list.

34. EO205 is also impermissibly arbitrary and capricious because the data it uses to compile its list is inaccurate and incomplete.

35. EO205 does not set up an independent monitoring system for each state, nor does it rely on a federal data collection process.

36. Upon information and belief, EO205 takes data from the states themselves and uses that data to compile its 'dirty' and 'clean' list.  The result of this process is that a state with poor testing protocols (but a raging COVID19 outbreak) is rewarded, but a state attempting to know the enemy it is facing is penalized.  As President Trump has famously quipped numerous times publicly: if you don't test, you don't have any cases.

37. Plaintiff went to Arkansas recently, and EO205 (insofar as it can be surmised fro its overly vague language) will prevent Plaintiff from entering New York without the undue and excessive burden of a fourteen (14) day quarantine.  And all of this because Plaintiff responsibly,

with a face mask, hand sanitizer, and distance procedures in place, deigned to enter a 'dirty' state for a few hours.

38.     Plaintiff has, and will, suffer business losses and contract interference because of EO205 because he cannot properly service his clients.

39.     Plaintiff has multiple New York-based clients and federal filings (court hearings, mediations, depositions, *etc*.) in New York that he cannot service without the undue and excessive burden of quarantining fourteen (14) days every time he enters New York.

40.     Defendants have not "closed the valve" as Cuomo once quipped.  Instead, New York has taken the unprecedented stance of picking and choosing winners and losers (*i.e.*, discriminating), and masquerades its feeble attempt at public safety behind a 'dirty' and 'clean' list derived from numbers that are incomplete and inaccurate.

## FIRST CLAIM
Violation of Freedom of Travel Among the States

41.     Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

42.     This claim is against both named-Defendants in the caption, above.

43.     All conditions precedent to this lawsuit have been fulfilled.

44.     At all relevant times Defendants were acting under the color of state law.

45.     Upon information and belief, Defendants' actions were done intentionally or with reckless indifference to Plaintiff's Constitutionally protected rights.

46.     As a direct and proximate result of the intentional and/or reckless Defendants' actions, Plaintiff suffered loss of employment, lost wages, monetary damages, emotional distress, contract interference, the incursion of attorneys' fees, costs, and other damages.

## SECOND CLAIM
Violation of the Equal Protection Clause

47.     All preceding paragraphs are incorporated by reference as if fully stated herein.

48.     This claim is against both named-Defendants in the caption, above.

### THIRD CLAIM
Violation of the Privileges and Immunities Clause

49. All preceding paragraphs are incorporated by reference as if fully stated herein.

50. This claim is against both named-Defendants in the caption, above.

### FOURTH CLAIM
Violation of the Contracts Clause

51. All preceding paragraphs are incorporated by reference as if fully stated herein.

52. This claim is against both named-Defendants in the caption, above.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeffrey D. Jones, *respectfully* requests judgment against the above-named defendants as follows:

A. An award of damages against Defendant, in an amount greater than $75,000.00 and to be determined at jury trial, pursuant to 28 U.S.C. § 1391(a)(4);

B. An injunction forbidding enforcement of Executive Order 205, pursuant to 28 U.S.C. § 1651(a);

C. Declaratory relief or a declaratory judgment, pursuant to 28 U.S.C. § 2201, and 2202;

D. All actual and equitable relief as this Court deems just, pursuant to 42 U.S.C. § 1983;

E. An award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988;

F. Prejudgment interest on all amounts due; and,

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby *respectfully* demands a trial by jury on all issues that can be considered, determined, and/or resolved by a jury.

**Dated:** **New York, New York**
**June 25, 2020**

                                         **Respectfully submitted,**

                                         By:     /s/ Jeffrey D. Jones

                                                  Jeffrey D. Jones, *Esq*.
                                                  SDNY #JJ1983; NY Bar #4843363
                                                  **THE JONES LAW FIRM**
                                                  523 East Pine Place
                                                  Tulsa, OK 74106-4301
                                                  (574) 876-4715
                                                  jj@jeffreyjoneslawfirm.com