UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY D. JONES,<br><br>       Plaintiff,<br><br>  - against -<br><br>ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, and HOWARD ZUCKER, M.D., in his official capacity as the Commissioner of the Department of Health of New York,<br><br>       Defendant. | 20-CV-04898 (KPF) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

                           LETITIA JAMES
                           Attorney General
                           State of New York
                           *Attorney for Defendants*
                           28 Liberty Street
                           New York, NY 10005
                           Tel: (212) 416-8733

MATTHEW J. LAWSON
Assistant Attorney General
  *Of Counsel*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................................iii

PRELIMINARY STATEMENT................................................................................................................1

I. PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THIS LAWSUIT SHOULD BE DISMISSED UNDER THE *JACOBSON* STANDARD ............................................................2

II. PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT HIS CLAIMS ALSO FAIL FOR ADDITIONAL, INDEPENDENT REASONS...................................................................5

    A. The Right to Travel Claims (First, Second and Third Claims) Should Be Dismissed Because Plaintiff Has Not Alleged a Legally Cognizable Impairment of His Right to Interstate Travel ................................5

    B. The Equal Protection Claim Should Be Dismissed Because Plaintiff Does Not Allege Similarly Situated Comparators .............................................6

    C. The Privileges and Immunities Claim Should Be Dismissed Because EO 205 Does Not Discriminate Against Citizens of Other States................................7

    D. EO 205 Would Pass Constitutional Muster in Any Event Because It Is Narrowly Tailored to Serve a Compelling Governmental Interest ........................7

III. PLAINTIFF HAS ABANDONED HIS CONTRACT CLAUSE CLAIM, HIS VOID FOR VAGUENESS CLAIM, AND HIS CLAIM FOR MONEY DAMAGES............................................................. 8

CONCLUSION................................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Auracle Homes, LLC v. Lamont*,
 No. 3:20-CV-00829, 2020 WL 4558682 (D. Conn. Aug. 7, 2020) ............................................. 1, 2

*Calvary Chapel of Bangor v. Mills*,
 No. 20-CV-00156, 2020 WL 2310913 (D. Me. May 9, 2020) ..................................................... 4

*Carmichael v. Ige*,
 No. CV 20-00273, 2020 WL 3630738 (D. Haw. July 2, 2020) .................................................... 6

*Cassell v. Snyders*,
 No. 20 C 50153, 2020 WL 2112374 (N.D. Ill. May 3, 2020) ........................................................ 4

*Geller v. de Blasio*,
 No. 20-CV-3566, 2020 WL 2520711 (S.D.N.Y. May 18, 2020) ................................................... 5

*George v. Pathways to Hous., Inc.*,
 No. 10-CV-9505, 2012 WL 2512964 (S.D.N.Y. June 29, 2012) .................................................. 9

*In re Abbott*,
 954 F.3d 772 (5th Cir. 2020) ............................................................................................................ 3

*Jacobson v. Massachusetts*,
 197 U.S. 11 (1905) ................................................................................................................. passim

*Luke's Catering Serv., LLC v. Cuomo*,
 No. 20-CV-1086S, 2020 WL 5425008 (W.D.N.Y. Sept. 10, 2020) ............................................... 3

*McCarthy v. Cuomo*,
 No. 20-CV-2124, 2020 WL 3286530 (E.D.N.Y. June 18, 2020) ................................................... 5

*McLeod v. Verizon New York, Inc.*,
 995 F. Supp. 2d 134 (E.D.N.Y. 2014) ............................................................................................ 8

*Page v. Cuomo*,
 ––– F. Supp. 3d ––––, No. 1:20-CV-732,
 2020 WL 4589329 (N.D.N.Y. Aug. 11, 2020) ....................................................................... passim

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
 No. 20A87, --- S.Ct. ----, 2020 WL 6948354 (Nov. 25, 2020) ..................................................... 3

*Schoenefeld v. Schneiderman*,
 821 F.3d 273 (2d Cir. 2016) ............................................................................................................ 7

*Six v. Newsom*,
 No. 8:20-CV-00877, 2020 WL 2896543 (C.D. Cal. May 22, 2020) ............................................. 6

*United States v. Holcombe*,
    883 F.3d 12 (2d Cir. 2018) ............................................................................................................... 7

*Viteritti v. Inc. Vill. of Bayville*,
    918 F. Supp. 2d 126 (E.D.N.Y. 2013) ............................................................................................ 6

Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss.[1]

## PRELIMINARY STATEMENT

The arguments presented in Plaintiff's opposition papers are unavailing and do not salvage his claims. As a threshold matter, Plaintiff fails to overcome Defendants' showing that his entire lawsuit should be dismissed under *Jacobson v. Massachusetts*. In fact, instead of explaining how his pleading satisfies the *Jacobson* standard, Plaintiff devotes the majority of his brief to the misguided argument that *Jacobson* somehow does not apply here. This argument is meritless, and it is flatly inconsistent with the flood of recent authority affirming *Jacobson's* continued vitality in the context of restrictions imposed in response to the current COVID-19 pandemic—including decisions addressing the constitutionality of the exact same executive order challenged here. Plaintiff also fails to overcome Defendants' independent arguments for the dismissal of his right to travel claims, including his claims alleging the violation of his rights under the Equal Protection and Privileges and Immunities Clauses. Finally, Plaintiff has now explicitly withdrawn his Contracts Clause claim and has abandoned his "void for vagueness" claim and his claim for money damages.

Defendants' arguments for dismissal apply with even greater force in light of recent changes to Executive Order 205 ("EO 205"). On October 31, 2020, Governor Cuomo issued Executive Order 205.2 ("EO 205.2"), which updates EO 205 and significantly modifies the self-quarantine requirement. Lawson Reply Decl. Ex A.[2] Under EO 205.2, incoming travelers are no longer treated

---

[1] As used herein, "Def. Br." refers to the memorandum of law filed with Defendants' moving papers (ECF No. 17), and "Pl. Opp." refers to Plaintiff's opposition thereto (ECF No. 20). "Lawson Reply Decl." refers to the Reply Declaration of Matthew J. Lawson, dated November 30, 2020, and submitted contemporaneously with this brief. Other terms not defined herein shall have the same meaning ascribed to them in Defendants' moving papers.

[2] The Court can take judicial notice of the Governor's executive orders without converting this motion into a motion for summary judgment. *See, e.g., Auracle Homes, LLC v. Lamont*, No. 3:20-CV-

differently based on the infection rates existing in their respective states of departure. Instead, "[a]ll travelers entering New York from a state which is not a contiguous state" must now self-quarantine upon arrival, subject to a lone exception for persons traveling outside New York for less than 24 hours. *Id.* (emphasis added).

Further, EO 205.2 provides a new avenue for dramatically shortening the time spent in quarantine. To take advantage of this avenue, the traveler must test negative for COVID-19 at two distinct points in time: in an initial test to be taken "within 72 hours" of the traveler's departure for New York, and in a second test to be administered on the fourth day after the traveler arrives in the State. *Id.* "The traveler may exit quarantine upon receipt of the second negative test result." *Id.* This change dramatically reduces the burdens of the self-quarantine requirement, exemplifies the tailored and nuanced approach that New York State takes to imposing travel restrictions, and highlights the deference that should be afforded to the executive in responding to the COVID-19 threat.[3]

## I. PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THIS LAWSUIT SHOULD BE DISMISSED UNDER THE *JACOBSON* STANDARD

Under the standard set forth in *Jacobson v. Massachusetts,* 197 U.S. 11 (1905), a state's measures to combat an epidemic must be upheld unless the action "has no real or substantial relation to" the

---

00829, 2020 WL 4558682, at *2 n.4 (D. Conn. Aug. 7, 2020) (taking judicial notice of executive orders issued by the Governor of Connecticut).

[3]   Plaintiff claims that, by submitting a declaration from Bryon Backenson, an epidemiologist at DOH, Defendants are somehow attempting to convert this motion into a motion for summary judgment. Pl. Opp. at 5-6. Plaintiff is wrong. Defendants submitted the Backenson Declaration (ECF No. 18) in case the Court seeks additional background information about the context of EO 205. However, such factual information is not necessary for the disposition of this motion. Indeed, Defendants have presented several independent arguments for dismissal, most of which do not rely on the Backenson Declaration. *See* Def. Br. at 5-10. As such, the Court can dismiss the Amended Complaint without converting this motion into a motion for summary judgment.

object of protecting the public or is "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Jacobson,* 197 U.S. at 31; *accord In re Abbott*, 954 F.3d 772, 784 (5th Cir. 2020) (setting forth these two factors); *Page v. Cuomo,* No. 1:20-CV-732, 2020 WL 4589329, at *3 (N.D.N.Y. Aug. 11, 2020) (same); *Luke's Catering Serv., LLC v. Cuomo*, No. 20-CV-1086S, 2020 WL 5425008, at *6 (W.D.N.Y. Sept. 10, 2020 (same); Def. Br. at 5.

While Plaintiff contends this standard only applies in the Fifth Circuit, Pl. Opp. at 10, he is clearly mistaken. Defendants' moving papers cite multiple cases from <u>within this circuit</u> that applied the standard—including the district court decisions cited above. Def. Br. at 5, 7. As the Northern District of New York noted in *Page*, "courts across the country have nearly uniformly relied on Jacobson's framework to analyze emergency public health measures put in place to curb the spread of coronavirus." *Page*, 2020 WL 4589329, at *8 (collecting additional cases from the Northern, Eastern, and Southern District of New York as well as decisions from the Fifth and Eighth Circuit Courts of Appeal); *see also* Def Br. at 5 (quoting from this portion of *Page*).[4]

Plaintiff has not pleaded a plausible claim for relief under the two-prong *Jacobson* standard. In particular, Plaintiff does <u>not</u> claim that EO 205 (and/or the more recent EO 205.2) is unrelated to the object of protecting the public, and he does <u>not</u> plausibly allege that the actions challenged here are "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." Def. Br. at 5-7. Indeed, Plaintiff's opposition papers do not even attempt to claim that Plaintiff has satisfied this standard. This entire lawsuit is appropriately dismissed on this basis alone. Def. Br. at

---

[4] The Supreme Court's recent decision in *Roman Catholic Diocese of Brooklyn v. Cuomo*, No. 20A87, --- S.Ct. ----, 2020 WL 6948354 (Nov. 25, 2020) is distinguishable and does not undermine the application of *Jacobson* to the instant dispute. Unlike this case, *Roman Catholic Diocese* arose out of the allegation that the challenged executive order violated the plaintiffs' rights to freely exercise their religion. *Id.* at **1-2. There is no similar allegation here, and the majority opinion—which does not mention *Jacobson*—did not purport to limit its application to cases such as this one.

3

5-7; *see also Page*, 2020 WL 4589329, at *12 (granting motion to dismiss challenge to EO 205 because, *inter alia*, *Jacobson* stood as a "complete roadblock" to that challenge).

Plaintiffs' remaining arguments—which ignore the governing standard altogether—are largely irrelevant to the disposition of this motion and are unavailing in any event. Plaintiff first protests that *Jacobson* cannot be viewed in a vacuum but instead must be harmonized with more recent Supreme Court case law regarding "fundamental right[s]"—an apparent attempt to engraft strict scrutiny principles on the *Jacobson* inquiry. Pl. Opp. at 6-7. But Plaintiff never defines the hybrid standard that he would have this Court adopt in place of the two-prong *Jacobson* test, and he cites no cases that would support such a radical re-writing of *Jacobson*.

Plaintiff also ignores the fact that the *Jacobson* standard was <u>designed</u> to be "separate" from the standard that would control in "ordinary times." *Page,* 2020 WL 4589329, at *3. That is the whole reason the court took the trouble to elaborate a distinct standard in the first instance. *Id.* Further, Plaintiff does not distinguish—or even acknowledge—the authorities Defendants cite for the proposition that while an epidemic is ongoing, the "traditional tiers of constitutional scrutiny do not apply" to a state's measures to combat that epidemic. *Calvary Chapel of Bangor v. Mills*, No. 20-CV-00156, 2020 WL 2310913, at *7 (D. Me. May 9, 2020); *accord Cassell v. Snyders*, No. 20 C 50153, 2020 WL 2112374, at *6 (N.D. Ill. May 3, 2020).

Plaintiff's other arguments for limiting the reach of *Jacobson* are also unavailing. For example, Plaintiff's suggestion that *Jacobson's* holding should be limited to the specific circumstances of that case, Pl. Opp. at 8, is meritless and once again ignores the fact that "courts across the country have nearly uniformly relied on Jacobson's framework to analyze emergency public health measures put in place to curb the spread of coronavirus." *Page*, 2020 WL 4589329, at *8 (collecting cases).

Equally meritless is Plaintiff's claim that *Jacobson* does not apply when the challenged state action is a governor's executive order. Pl. Opp. at 9-10. Indeed, this argument is particularly

4

inexplicable given Defendants' extensive reliance on *Page* and *Corbett*, which applied *Jacobson* to the exact same executive order challenged here.  Def. Br. at 3-7; *Page*, 2020 WL 4589329, at *3; Lawson Decl. Ex. A at 26 (decision in *Corbett*); s*ee also McCarthy v. Cuomo*, No. 20-CV-2124, 2020 WL 3286530, at **3-6 (E.D.N.Y. June 18, 2020) (relying on *Jacobson* to deny motion for preliminary injunctive relief in case challenging, *inter alia,* the Governor's executive orders restricting social gatherings); *Geller v. de Blasio*, No. 20-CV-3566, 2020 WL 2520711, at *3 (S.D.N.Y. May 18, 2020) (denying motion for temporary restraining order in case challenging executive order restricting non-essential gatherings, and holding that such challenges must be viewed through the "lens" of *Jacobson).*

Finally, Plaintiff's suggestion that *Jacobson* must "yield" when a plaintiff lodges a challenge based on "federal right[s]," Pl. Opp. at 10, ignores the fact the *Jacobson* standard was articulated <u>for the very purpose</u> of providing a framework for adjudicating such challenges—as nearly every case interpreting *Jacobson* in the context of the COVID-19 pandemic has recognized. *See, e.g., Page*, 2020 WL 4589329, at *3 (observing that *Jacobson "*set out a separate standard for evaluating constitutional challenges to state action designed to combat an epidemic that is far more deferential to the state than the principles that would control in ordinary times.") (internal quotation marks omitted).

## II.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT HIS CLAIMS ALSO FAIL FOR ADDITIONAL, INDEPENDENT REASONS

While Plaintiff's entire lawsuit can be properly dismissed based on the *Jacobson* factors alone, *see* Def. Br. at 5-7, his claims also fail as a matter of law for independent reasons.

### A. The Right to Travel Claims (First, Second and Third Claims) Should Be Dismissed Because Plaintiff Has Not Alleged a Legally Cognizable Impairment of His Right to Interstate Travel

As Defendants established in their moving papers, Plaintiff's First, Second and Third Claims all fail because Plaintiff has not plausibly alleged that EO 205 burdens his constitutional right to

5

interstate travel.[5]  *See* Def. Br. at 8-9 ; *see also Page*, 2020 WL 4589329 at *11 ("[I]t is far from clear that Executive Order 205 burdens one or more of the three components of the right to travel identified by the Supreme Court" ); *Carmichael v. Ige*, No. CV 20-00273, 2020 WL 3630738, at *7 (D. Haw. July 2, 2020) (rejecting the plaintiff's argument that Hawaii's broader 14-day quarantine violated the right to interstate travel).

Plaintiff does not attempt to distinguish the authorities Defendants cite in their moving brief (including *Page* and *Carmichael*).  In fact, Plaintiff does not address the legal contours of the right to interstate travel <u>at all</u>, but instead embarks on a largely irrelevant discussion about the difficulty and expense of finding hotel accommodations.  Pl. Opp. at 12.  Plaintiff's arguments are meritless, and Plaintiff's First, Second and Third Claims should be dismissed for the reasons set forth in Defendants' moving papers.  Def. Br. at 8-9.

### B. The Equal Protection Claim Should Be Dismissed Because Plaintiff Does Not Allege Similarly Situated Comparators

Plaintiff's Equal Protection claim should also be dismissed because Plaintiff has failed to "allege the existence of similarly situated comparators" *Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 135 (E.D.N.Y. 2013); *see* Def. Br. at 10 (elaborating this point and citing additional authority). Plaintiff concedes that the only comparators he has alleged are travelers entering New York from the states that were formerly designated as non-restricted states. Pl. Opp. at 12.  But these alleged comparators are <u>not</u> similarly situated because they come from states with objectively lower rates of infection.  *See* Def. Br. at 10 (citing *Six v. Newsom*, No. 8:20-CV-00877, 2020 WL 2896543, at *7 (C.D. Cal. May 22, 2020)).

---

[5]   As previously discussed, Plaintiff's "First Claim" alleges the violation of Plaintiff's "Freedom of Travel Among the States" in general, while the "Second Claim" and "Third Claim" assert that the alleged impairment of Plaintiff's travel rights violates the Fourteenth Amendment's Equal Protection Clause and Article IV's Privileges and Immunities Clause, respectively.

6

In any event, as of October 31, 2020, the applicability of the self-quarantine requirement no longer turns on the positivity rates in the underlying states. Under E0 205.2, "[a]ll travelers entering New York" from a non-contiguous state must now self-quarantine for at least three days. Lawson Reply Decl. Ex. A (emphasis added). As such, Plaintiff can no longer plausibly allege that persons entering New York from these purported "clean" states would stand to receive more favorable treatment than Plaintiff himself.

### C. The Privileges and Immunities Claim Should Be Dismissed Because EO 205 Does Not Discriminate Against Citizens of Other States

Plaintiff fails to plead a plausible claim under the Privileges and Immunities Clause because EO 205 does not "discriminat[e] against citizens of other States in favor of" New York citizens. *Schoenefeld v. Schneiderman*, 821 F.3d 273, 279 (2d Cir. 2016); Def. Br. at 11. As Defendants pointed out in their moving papers, the self-quarantine requirement under EO 205 applies equally to New York residents and out-of-state residents, Def. Br. at 11, and this continues to be true under EO 205.2. Lawson Reply Decl. Ex. A. Plaintiff fails to offer any serious argument to the contrary and instead embarks once again on a largely irrelevant discussion about the expenses he would have to incur if he stayed in a hotel during quarantine. Pl. Opp. at 13-14. Plaintiff's arguments are without merit, and the Privileges and Immunities claim should be dismissed for the reasons set forth in Defendants' moving papers. Def. Br. at 11.

### D. EO 205 Would Pass Constitutional Muster in Any Event Because It Is Narrowly Tailored to Serve a Compelling Governmental Interest

Even if it were somehow possible to cure the pleading deficiencies outlined above, and even if EO 205 were subject to strict scrutiny review, dismissal would still be warranted because EO 205 is narrowly tailored to serve a compelling governmental interest. *See United States v. Holcombe*, 883 F.3d 12, 18 (2d Cir. 2018) (finding that the challenged governmental registration requirements would

7

be constitutional even if they implicated the right to travel because the "burdens imposed by the registration scheme narrowly serve the Government's compelling interest"); Def. Br. at 11-12.

In response, Plaintiff contends that "it remains to be seen" whether EO 205 is sufficiently tailored. Pl. Opp. at 14. But Plaintiff ignores the fact that two separate courts—*Corbett* and *Page*—have already recognized that EO 205 was drawn narrowly enough to withstand constitutional scrutiny. Def. Br. at 12; Lawson Decl. Ex. A at 26; *Page*, 2020 WL 4589329, at *9. These holdings apply with even greater force in light of the modifications imposed under EO 205.2, which have the potential to significantly <u>lessen</u> the burdens faced by travelers during quarantine; *see* pp. 1-2, *supra* (discussing these modifications).

### III. PLAINTIFF HAS ABANDONED HIS CONTRACT CLAUSE CLAIM, HIS VOID FOR VAGUENESS CLAIM, AND HIS CLAIM FOR MONEY DAMAGES

Plaintiff has now "withdraw[n] his Contracts Clause Claim." Pl. Opp. at 14. Further, Plaintiff does not respond to Defendants' arguments for the dismissal of his "void for vagueness" claim and his claim for money damages. Def. Br. at 15-17. Plaintiff has therefore abandoned these latter two claims, and they should be dismissed. *See McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) (holding that a "plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute[s] an abandonment of those claims") (citation omitted) (collecting cases). Alternatively, the Court should dismiss the "void for vagueness" claim and the claim for money damages for the reasons set forth in Defendants' moving papers. Def. Br. at 15-17.

### CONCLUSION

For the foregoing reasons, and for all the reasons set forth in Defendants' moving papers, Plaintiff's Amended Complaint should be dismissed. Moreover, because *Jacobson* constitutes a "complete roadblock" to Plaintiff's claims, *Page*, 2020 WL 4589329, at *12, any further amendment of those claims would be futile. The Court should thus dismiss the Amended Complaint with

8

prejudice and enter judgment in Defendants' favor.  *See George v. Pathways to Hous., Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *7 (S.D.N.Y. June 29, 2012) (granting motion to dismiss without leave to amend because amendment would be futile); *Page*, 2020 WL 4589329, at *13 (directing the court clerk to enter judgment in Defendants' favor following the Court's dismissal of all claims).

Dated:  New York, New York
        November 30, 2020

        LETITIA JAMES
        Attorney General
        State of New York
        *Attorney for Defendants*

        By:

        /s/ Matthew J. Lawson
        MATTHEW J. LAWSON
        Assistant Attorney General
        28 Liberty Street
        New York, NY 10005
        Tel: (212) 416-8733
        matthew.lawson@ag.ny.gov